IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
CASE NO. 1:03CV00604

| | |
|---|---|
| PEDRO LEON MARTINEZ and <br> HILDA PEREZ RAFAELI, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO ZONE, INC., and TRU-CUT <br> AUTOMOTIVE PRODUCTS, <br><br> Defendants. | **JOINT MOTION TO DISPOSE OF MOTIONS CURRENTLY PENDING BEFORE THE COURT AND TO AMEND THE CAPTION OF THIS ACTION** |

THIS MATTER COMING ON FOR HEARING upon the joint motion of the plaintiffs and defendants to dispose of certain motions filed by the defendants currently pending before the Court. In support of this joint motion, the parties show unto the Court the following:

1. On May 28, 2003, plaintiffs, Pedro Leon Martinez and Hilda Perez Rafaeli, filed a Complaint in Forsyth County Superior Court entitled *"Pedro Leon Martinez and Hilda Perez Rafaeli v. Auto Zone, Inc. and Tru-Cut Automotive Products,"* Docket No. 03 CVS 3432. Defendants removed this matter to the District Court for the Middle District of North Carolina on June 27, 2003. Plaintiffs allege that automotive ramps manufactured by Tru-Cut Automotive Products and sold by Auto Zone, Inc. collapsed, causing a vehicle to fall on plaintiff Pedro Leon Martinez, resulting in his being rendered a quadraplegic. Accordingly, plaintiffs' lawsuit is a products liability action.

2. Plaintiffs' Complaint contains eight total separate claims against the defendants, comprising four against each respective defendants. Plaintiffs' Third Count, against defendant

Tru-Cut Automotive Products, and plaintiff's Seventh Count, against defendant Auto Zone, Inc., each raise claims of strict liability in a products liability action.

3. On August 26, 2003, defendants filed a Motion to Dismiss Plaintiffs' Third and Seventh Counts Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and an accompanying brief in support of such motion.

4. On August 26, 2003, defendants filed a motion to amend their Answer previously filed in this matter to add the additional affirmative defense:

### FIFTEENTH FURTHER ANSWER AND DEFENSE

Upon information and belief, plaintiff Pedro Leon Martinez was neither the buyer of the auto ramps referenced in the Complaint, a member or a guest of the member of the family of the buyer of the auto ramps referenced in the Complaint, a guest of the buyer of the auto ramps referenced in the Complaint, nor an employee of the buyer of the auto ramps referenced in the Complaint. Accordingly, plaintiffs fail to meet the privity requirements for warranty claims as set forth in North Carolina General Statute § 99B-2(b) such that plaintiffs' claims for breach of implied warranty as set forth in their Second and Sixth Counts are barred for lack of requisite privity.

5. Counsel for plaintiffs and defendants conferred regarding these pending motions on September 16, 2003. Counsel for plaintiffs agrees to dismiss with prejudice plaintiffs' strict liability claims, constituting plaintiffs' Third Count and Seventh Count as set forth in their Complaint filed in this matter. Counsel for plaintiffs further consents to defendants' Motion to Amend Answer allowing defendants to assert the additional affirmative defense as set forth above.

6.   Counsel for plaintiffs and defendants further stipulate that the caption of this action shall be amended to change the identification of defendant Tru-Cut Automotive Products to "Ganeaux Industries, Inc. d/b/a Tru-Cut Automotive Products" for all further proceedings in this matter.

Respectfully submitted, this the 19th day of September, 2003.

_____
DAVID C. PISHKO, N.C. Bar # 7969
*Counsel for Plaintiff*
ELLIOT PISHKO MORGAN, P.A.
426 Old Salem Road
Winston-Salem, NC 28802

_____
ALLAN R. GITTER, N.C. Bar # 1652
*Counsel for Defendants*
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101